**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4228**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY JAMES BERRY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:06-cr-00193-H)

Submitted:  October 31, 2007        Decided:  December 11, 2007

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory James Berry pled guilty to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000) (Count Two), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2007) (Count Three). He was sentenced within his advisory guideline range to concurrent terms of fifty-seven months in prison.

On appeal, his attorney has filed an Anders* brief, noting that, because Berry waived his right to appeal his sentence in his plea agreement, there were no meritorious issues on appeal. Nonetheless, the Anders brief questions whether Berry's sentence was greater than necessary to comply with the purposes of sentencing under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). Berry filed a pro se supplemental brief arguing that he was denied effective assistance of counsel at sentencing. The Government has moved to dismiss the appeal based on the appeal waiver. We grant the motion in part and dismiss the appeal with regard to the issue raised in Berry's formal brief. After a review of the record under Anders, we affirm Berry's convictions and sentence.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C.A. § 3742 (West 2000 & Supp. 2007). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Any such waiver must be made by a knowing and intelligent decision to forego the right to appeal. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Whether a defendant has

*Anders v. California, 386 U.S. 738 (1967).

- 2 -

effectively waived his right to appeal is an issue of law we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

With regard to the issue raised in the Anders brief, we grant the Government's motion to dismiss. The district court's plea colloquy was thorough and substantially conformed to the dictates of Fed. R. Crim. P. 11. Moreover, Berry does not challenge the voluntariness of his waiver. Because Berry knowingly and voluntarily entered into the plea agreement and the waiver was reviewed at the plea hearing, the waiver is enforceable.

The waiver expressly precluded Berry from appealing any sentence that was within or below the advisory guideline range. Because the sentence imposed was within the advisory guideline range, any challenge to the sentence imposed, including the issue raised in Berry's Anders brief, falls within the scope of that waiver. Accordingly, we grant the Government's motion to dismiss Berry's appeal as to the claim raised in the Anders brief.

The waiver's enforceability does not completely dispose of this appeal, however. Our interpretation of Berry's plea agreement is guided by contract law. United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997). The appellate waiver expressly permitted an appeal based upon ineffective assistance of counsel or prosecutorial misconduct not known to Berry at the time of his guilty plea. Therefore, the waiver provision does not foreclose Berry's right to appeal with respect to such issues, see United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993), and we deny the

Government's motion as it relates to ineffective assistance or prosecutorial misconduct.

In his pro se supplemental brief, Berry claims that counsel provided ineffective assistance at sentencing. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring such claims in a 28 U.S.C. § 2255 (2000) motion. See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists where the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Because the record does not conclusively show that Berry's counsel was ineffective, we decline to consider Berry's claim on direct appeal.

In accordance with Anders, we have reviewed the entire record and found no viable claims of ineffective assistance of counsel or prosecutorial misconduct that are clear from the record. Accordingly, we affirm Berry's convictions and, to the extent of sentencing challenges outside the scope of the appellate waiver, his sentence.

This court requires that counsel inform Berry, in writing, of the right to petition the Supreme Court of the United States for further review. If Berry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a

- 4 -

copy thereof was served on Berry.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>
